**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CR-20297-DAMIAN**

UNITED STATES OF AMERICA

v.

JUAN RAMON MOLINA
RODRIGUEZ,

      Defendant.

## ORDER GRANTING MOTION FOR PRELIMINARY ORDER OF FORFEITURE [ECF NO. 68]

**THIS CAUSE** is before the Court upon motion of the United States for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant Juan Ramon Molina Rodriguez (the "Defendant"), filed December 3, 2025 [ECF No. 68]

THE COURT has reviewed the Motion and the pertinent portions of the record and is otherwise fully advised. The Court also notes that the Motion is unopposed.

On July 12, 2024, the United States filed an Information charging the Defendant with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Information, ECF No. 30. The Information also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956(h), the Defendant shall forfeit any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *See id.* at 2.

On September 10, 2024, the Court accepted the Defendant's guilty plea to the Information. *See* Minute Entry, ECF No. 43; Plea Agreement, ECF No. 42. As part of the guilty plea, the Defendant agreed to the forfeiture of any right, title, and interest to any

property, real or personal, involved in the violation of 18 U.S.C. § 1956(h), as alleged in the Information, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1), and the provisions of 21 U.S.C. § 853. ECF No. 42 at 7. In addition, the Defendant agreed to the forfeiture of substitute property. *Id.*

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 41. The Factual Proffer also provided a basis for the forfeiture of property. *See id.*

As set forth in the Factual Proffer, ECF No. 41, the Defendant was involved in a scheme to launder bribery proceeds paid to him and others. *Id.* at 4. In exchange for the bribes, the Defendant and other Honduran government officials assisted Georgia Company 1 in obtaining contracts with, and securing payment from, TASA. *Id.* To launder the bribe payments, the Defendant and co-conspirators agreed to: (i) send money from the Central Bank of Honduras through and to bank accounts in the United States; and (ii) send money from bank accounts in the Southern District of Florida through and to bank accounts outside the United States. *Id.* at 4-5.

The Defendant personally received approximately $114,000 in bribe payments from Georgia Company 1, in exchange for using his official position to assist Georgia Company 1 to obtain and retain business with, and receive payment form, the Honduran government. *Id.* at 5, 8. The Defendant also accepts responsibility for additional criminally derived funds that he received involving TASA in the amount of approximately $200,000. *Id.* at 9.

Based on the record in this case, the total value of the property involved in conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) as charge in the Information is $314,000, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2

2

of the Federal Rules of Criminal Procedure.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1.      Pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $314,000 is hereby entered against the Defendant.

2.      The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4.      The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 4th day of December 2025.

_____

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

3